FILED
2017 Mar-30  AM 08:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TIFFANY TAYLOR, individually and on behalf of all others similarly situated,** ) | **CASE NO.: _____** |
| ) | |
| **Plaintiff,** ) | **CLASS ACTION** |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **FRED'S, INC. and FRED'S STORES OF TENNESSEE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## CLASS ACTION COMPLAINT

---

Comes now Plaintiff, Tiffany Taylor, individually and on behalf of all others similarly situated, and brings this Class Action Complaint against Fred's Inc. and Fred's Stores of Tennessee, Inc. (hereinafter referred to collectively as "Defendants"), and alleges the following:

1.     This action arises from Defendants' violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., as amended (the "FCRA"). The FCRA, at 15 U.S.C. § 1681c(g), states that, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or

the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite the clear language of the statute, Defendants deliberately, willfully, intentionally, and/or recklessly chose not to comply. As such, Plaintiff and certain other consumers who conducted business with Defendants during the time frame relevant to this Complaint, each of whom paid for goods using a credit or debit card and were provided with a noncompliant receipt, suffered violations of their rights under 15 U.S.C. § 1681c(g). As a consequence, each have been uniformly burdened with an elevated risk of identity theft or fraud, and are entitled to an award of statutory damages.

## PARTIES

2.     Plaintiff, Tiffany Taylor, is an adult resident of Jefferson County, Alabama, and claims damages as set forth below.

3.     Defendant Fred's, Inc. is a corporation organized and existing under the laws of Tennessee having its principal place of business located at 4300 New Getwell Road, Memphis, TN 38118 and conducts business throughout the United States.

4.     The primary business of Fred's, Inc. and its subsidiaries is the sale of general merchandise through its retail discount stores and full service pharmacies. As of October 29, 2016, Fred's, Inc. operates 648 retail stores and three specialty-only pharmacy facilities located in 15 states. Fred's, Inc. is licensed to dispense

pharmaceuticals in all 50 states. Approximately 90% of the products offered in Fred's stores retail between $1.00 and $10.00.

5.     Defendant Fred's Stores of Tennessee, Inc. is a corporation organized and existing under the laws of Tennessee having its principal place of business located at 4300 New Getwell Road, Memphis, TN 38118 and conducts business throughout the United States. Fred's Stores of Tennessee, Inc. is a wholly owned subsidiary of Fred's, Inc.

6.     Fred's Stores of Tennessee, Inc. owns and operates retail stores that offer various household products and many of their stores retail pharmaceuticals.

7.     Upon information and belief, at all times herein mentioned, the employees of Defendants, their subsidiaries, affiliates, and other related entities, as well as the employees of the each of the individual Defendants' subsidiaries, affiliates, and other related entities, were the agents, servants and employees of Defendants, and at all relevant times, were acting within the purpose and scope of said agency and employment. Whenever reference in this Complaint is made to any act or transaction of Defendants, such designations shall be deemed to mean that the principals, officers, employees, agents, and/or representatives of the Defendants committed, knew of, performed, authorized, ratified and/or directed such transactions on behalf of Defendants while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

8.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1681p.

9.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district. Defendants conduct business in this judicial district, and its contacts here are sufficient to subject it to personal jurisdiction.

## FACTUAL ALLEGATIONS

### *Background of FACTA*

10.     In 2003, FACTA was enacted by Congress and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft and fraud protections for consumers.

11.     One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

12.     A common modus operandi for those seeking to commit identity theft or fraud is to obtain credit or debit card receipts and use the information published on the document.

4

13.     The publication of more than the last 5 digits of a credit or debit card number or an expiration date on customer receipts increases the possibility of identity theft or fraud.

14.     Codified at 15 U.S.C. § 1681c(g), this provision states the following:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

(the "Receipt Provision").

15.     According to the Senate Reports pertaining to amending the FRCA, "[t]he legislation requires the truncation of credit and debit card account numbers on electronically printed receipts to prevent criminals from obtaining easy access to such key information."

16.     After enactment, FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006.

17.     The truncation requirements were widely publicized among retailers and the FTC. For example, on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements, then-CEO of Visa USA, Carl Pascarella, explained that, "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon

5

limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . . The first phase of this new policy goes into effect July 1, 2003, for all new terminals. . . . ."[1] Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

18.     Additionally, financial institutions and credit card associations were keenly aware of the importance of the truncating requirements under FACTA and explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than the last 5 digits and that the expiration date must be truncated entirely. Accordingly, they have routinely informed merchants for years about FACTA and what a company must do to be compliant.

19.     Credit card companies and card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the April 12, 2006, edition of "Rules for Visa Merchants," (pg. 62) which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."[2] Additionally, a bulletin dated June 14, 2006, issued

---

[1] Source: http://www.prnewswire.com/news-releases/visa-usa-announces-account-truncation-initiative-to-protect-consumers-from-id-theft-74591737.html (Last accessed: Mar. 15, 2017).
[2] Source: http://www.runtogold.com/images/rules_for_visa_merchants.pdf (Last accessed: Mar.

by AllianceData, a card processor, informed its customers that under FACTA "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006, and MasterCard by April 1, 2005.

20.    Because a handful of large retailers did not comply with their contractual obligations with the card companies and the straightforward requirements of FACTA, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007 in order to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.[3]

21.    Importantly, the Clarification Act did not amend FACTA to allow publication of the expiration date of the card number. Instead, it only provided amnesty for certain past violators up to June 3, 2008.

22.    In the interim, card processing companies continued to alert their merchant clients, including Defendants, of FACTA's requirements. According to a Visa Best Practice Alert in 2010:

---

15, 2017).

[3] Source: https://www.govtrack.us/congress/bills/110/hr4008/text (Last accessed: Mar. 15, 2017).

Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt.

(Please visit www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.)

To reinforce its commitment to protecting consumers, merchants, and the overall payment system, Visa is pursuing a global security objective that will enable merchants to eliminate the storage of full PAN and expiration date information from their payment systems when not needed for specific business reasons. To ensure consistency in PAN truncation methods, Visa has developed a list of best practices to be used until any new global rules go into effect.

*See* Visa Alert attached hereto as <u>Exhibit A</u>.

23.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined forces to set-up a free website (http://www.annualcreditreport.com) in order to comply with FACTA requirements and to provide the citizens of this country with a means of monitoring their credit reports for possible identity theft or fraud.

### *Defendants' Prior Knowledge of FACTA*

24.     Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA

by programming their card machines and devices to comply with the truncation requirements.  Defendants could have readily done the same.

25.    Not only were Defendants informed it could not print the expiration date of the credit or debit card, it was contractually prohibited from doing so. Defendant accepts credit and debit cards from all major issuers, such as Visa, MasterCard, Discover, and American Express. These companies set forth requirements that merchants, including Defendants, must follow, including FACTA's redaction and truncation requirements.

26.    As noted above, the processing companies have required that credit and debit card expiration dates not be shown since 2003 and still require it. For example, American Express required:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members.  Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers.

> See Exhibit B, attached hereto.

27.    Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters,

such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

See Exhibit C, attached hereto.

28.     At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.

### *Plaintiff's Factual Allegations*

29.     On or about January 2, 2017, Plaintiff purchased certain goods from Defendants' business location in Marion, Alabama. Plaintiff paid for the subject goods using her personal VISA debit card at which time she was presented with a printed receipt bearing more than the last 5 digits of the card number.

30.     On or about March 13, 2017, Plaintiff purchased certain goods from Defendants' business location in Pleasant Grove, Alabama. Plaintiff paid for the subject goods using her personal VISA debit card at which time she was presented with a printed receipt bearing the expiration date of her debit card.

### *Defendants' Misdeeds*

31.     At all times relevant herein, Defendants were acting by and through their agents, servants and/or employees, each of which were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants.

32.     At all times relevant herein, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was in willful and reckless disregard for federal law and the rights of the Plaintiff and the Class members.

33.     It is Defendants' policy and procedure to issue an electronically printed receipt to individuals at the point of sale - i.e., immediately upon receipt of credit or debit card payment.

34.     Consistent with Defendants' policy and procedure, Defendants knowingly and intentionally included more than the last 5 digits of the credit or debit card number and/or included the expiration date of the card on its electronically printed receipts.

35.     The digits appearing on the receipt are not printed accidentally; the equipment and software used to print the receipts and electronically store an image of same must be programmed to display certain information, and, likewise, programmed not to display certain information.

36.     Either dedication of internal resources or payment to third-party vendors is necessary to bring a company into compliance with FACTA.

37.     Instead, Defendants either recklessly failed to review and enforce their own FACTA compliance or intentionally opted to save money by not hiring a vendor to bring its stores into compliance.

38.     On information and belief, the costs of truncating credit card or debit card numbers and/or expiration dates is minimal, as most modern payment devices are easily programmable.

39.     Despite   knowledge   of   FACTA's   requirements,   contractual requirements from credit card companies that Defendants must be FACTA compliant, numerous notifications from credit card issuers and the federal government, and knowledge from other sources, Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation of FACTA.

40.     On information and belief, Defendants have failed to comply with FACTA's truncations requirements at other retail locations throughout the class period defined below.

41.     Notwithstanding the fact that they have had more than thirteen years to comply, Defendants continue to issue point of sale receipts containing either more than the last 5 digits of the card number or the expiration date of the card, both of which are deliberately, willfully, intentionally, and/or recklessly in violation of the Receipt Provision of the FCRA.

42.     Furthermore, there are two distinct ways a company can violate the Receipt Provision requirements: (1) printing more than the last 5 digits of a credit or debit card number, and (2) printing the card's expiration date. Defendants' have

deliberately, willfully, intentionally, and/or recklessly violated **both** requirements on separate occasions.

43.    Defendants' willful violations of the Receipt Provision are tantamount to handing over Plaintiff's physical credit or debit card to an identity thief. Multiply this violation by thousands, hundreds of thousands, or millions of times and the Defendants have created a potential goldmine of criminal opportunities for identity thieves that would not exist but for Defendants' failures to comply with federal law.

## CLASS ACTION ALLEGATIONS

44.    This action is also brought as a Class Action under Fed. R. Civ. P. 23. Plaintiff proposes the following Class, defined as follows, subject to modification by the Court as required:

> (i) All persons in the United States (ii) who, when making payment pursuant to a purchase made at a Fred's store (iii) made such payment using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed the expiration date or more than the last five (5) digits of said credit or debit card (vi) within five (5) years prior to the filing of the Complaint until the date the Class is certified.

45.    Plaintiff falls within the Class definition and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

13

### *Certification Under Either Rule 23(b)(2) or (b)(3) is Proper.*

46.    The members of the Class are capable of being described without managerial or administrative problems. The members of the Class are readily ascertainable from the information and records in the possession, custody or control of Defendants.

47.    Defendants operate retail stores throughout the United States, accept credit and debit cards at each and, upon information and belief, print receipts reflective of credit and debit card transactions. Therefore, it is reasonable to conclude that the class is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendants' records or Defendants' agents' records.

48.    There are common questions of law and fact that predominate over any questions affecting only the individual members of the Class. The wrongs alleged against Defendants are statutory in nature and common to each and every member of the putative Class.

49.    This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class

14

definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

50.     There is a well-defined community of interest in the questions of  law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

a.  Whether, within the five years prior to the filing of this Complaint, Defendants and/or their agents accepted payment by credit or debit card from any consumer and subsequently gave that consumer a printed receipt which failed to comply with the Receipt Provision;

b.  Whether Defendant thereby violated FACTA;

c.  Whether Defendants' conduct was willful and reckless;

d.  Whether Defendants are liable for damages, and the extent of statutory damages for each such violation; and

e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

51.     As a person that patronized Defendants' retail stores and received receipts that do not comply with the FACTA Receipt Provision, Plaintiff is asserting claims that are typical of the proposed Class. Plaintiff will fairly and adequately

represent and protect the interests of the class in that Plaintiff has no interests antagonistic to any member of the class.

52.     The principal question is whether the Defendants violated section 1681c(g) of the FCRA by providing Class members with electronically printed receipts in violation of the Receipt Provision. The secondary question is whether Defendants willfully or knowingly provided such electronically printed receipts, despite firsthand knowledge of the unlawful nature of such policy.

53.     Plaintiff and the members of the Class have all suffered harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class, along with countless future patrons of Defendants' retail establishments, will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy, and Defendants will continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs complained of herein.

54.     Defendants' defenses are and will be typical of and the same or identical for each of the members of the Class and will be based on the same legal and factual theories. There are no unique defenses to any of the Class members' claims.

55.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small. The maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

56.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

57.     Plaintiff has retained experienced counsel in consumer class action matters.

## COUNT I – VIOLATION OF 15 U.S.C. § 1681c(g)

58.     15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

59.     This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

17

60.     Defendants employ the use of said Devices for point of sale transactions at the various locations of Defendants.

61.     By enacting FACTA, Congress gave Plaintiff and Class members the legal right to obtain a receipt at the point of sale showing no expiration date and no more than the last 5 digits of their credit or debit card number.

62.     On or before the date on which this Complaint was filed, Plaintiff and Class members were provided receipt(s) by Defendants that failed to comply with the Receipt Provision of FACTA.

63.     Defendants violated the legal right of Plaintiff and Class members to obtain a receipt at the point of sale showing no expiration date or no more than the last 5 digits of their credit or debit card number.

64.     At all times relevant to this action, Defendants were aware, or should have been aware, of both the Receipt Provision as well as their duty to comply with said provision.

65.     Notwithstanding the three year period to prepare for FACTA and its accompanying provisions, including, but not limited to, the Receipt Provision, and having knowledge of the Receipt Provision and FACTA as a whole, Defendants knowingly, willfully, intentionally, and/or recklessly violated and continue to violate the FCRA and the Receipt Provision.

66.     Plaintiff and the Class members are among the persons Congress specifically found to be exposed to a genuine risk of identity theft or fraud as a result of the inclusion of too much credit card information on transaction receipts.

67.     As a result of Defendants' willful violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated, material risk of identity theft and fraud—the exact risk that Congress intended to protect against by enacting FACTA.

68.     Defendants are liable to Plaintiff and each Class member pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and on behalf of the proposed Class, respectfully requests that this Court award relief against Defendants as follows:

    a.  Providing a jury trial for all issues so triable;

    b.  Entering an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing of Plaintiff as representative of the Class and her counsel as lead Class Counsel;

    c.  Statutory damages for willful violations of the FRCA in an amount between $100.00 and $1,000.00 for each non-compliant receipt provided to Plaintiff and each Class member;

d. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 § U.S.C. 1681n of the FCRA; and

e. An order enjoining Defendants from continuing to violate FACTA;

f. An order directing Defendants to hereafter electronically print receipts from point of sales transactions in compliance with 15 § U.S.C. 1681c(g);

g. Such amount of punitive damages as the Court may allow, and

h. Such further and other relief this Court deems just and equitable.

## JURY DEMAND

Plaintiff herein demands a trial by jury.

Dated: March 29, 2017                    Respectfully submitted,

*/s/ Jonathan S. Mann*
Chris T. Hellums (ASB-5583-L73C)
Michael C. Bradley (ASB-2103-A64M)
Jonathan S. Mann (ASB-1083-A36M)
Austin B. Whitten (ASB-7228-K13Y)
**PITTMAN, DUTTON & HELLUMS, P.C.**
2001 Park Place North, Suite 1100
Birmingham, AL 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PDH-efiling@pittmandutton.com

*Attorneys for Plaintiff*

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:</u>**

Fred's, Inc.
4300 New Getwell Rd.
Memphis, TN 38118

Fred's Stores of Tennessee, Inc
4300 New Getwell Rd.
Memphis, TN 38118