FILED

2017 Sep-08  PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIFFANY TAYLOR, individually and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | **Case No. 2:17-cv-00495-VEH** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CLASS ACTION** |
| **FRED'S, INC. and FRED'S STORES OF TENNESSEE, INC.,** | ) ) ) ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE

---

COMES NOW Tiffany Taylor, by and through undersigned counsel, and hereby submits her Response in Opposition to Defendants' Motion to Consolidate (Doc. 41). In their motion, Fred's, Inc. and Fred's Stores of Tennessee, Inc. ("Defendants") argue that Plaintiff Taylor's lawsuit ("*Taylor*") should immediately be consolidated with two other cases pending against them that have been transferred to the Northern District of Alabama: *Wallace, et al. v. Fred's Stores of Tennessee, Inc.*, 2:17-cv-01100-VEH ("*Wallace*") and *Williams, et al. v. Fred's Stores of Tennessee, Inc.*, 2:17-cv-01101-VEH ("*Williams*").

In their motion, Defendants' argue "it is in the interest of judicial economy and efficiency, for purposes of docket management, that all three of these FACTA cases be in front of the same judge." (Doc. 41 at 2). Plaintiff Taylor does not oppose *Williams* and *Wallace* being in front of Your Honor. However, Plaintiff Taylor disagrees with Defendants that consolidation of these cases "for all purposes" would promote judicial economy and overall efficiency for the Court and the parties, and Plaintiff Taylor opposes consolidation in any form that would result in a delay of the prosecution of her case. Complete consolidation of these cases at this time could amount to pressing the reset button in all three litigations and wasting the time and resources that this Court and the parties have already invested. Instead, there are alternatives available to the Court that would better promote judicial economy and efficiency, preserve the resources of the parties, and would not prejudice the parties.

First, this Court could reserve ruling on Defendants' Motion to Consolidate until there is a resolution of Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint that is pending in this action. Defendants filed their Motion to Dismiss in *Taylor* on June 6, 2017, and briefing concluded on June 28, 2017. Defendants filed their Motion to Consolidate seven weeks later, on August 18, 2017. Since the Motion to Dismiss was only filed in the *Taylor* case, a ruling on that motion would only apply to *Taylor*.

Defendants' state in their Motion to Consolidate that a ruling on the Motion to Dismiss pending in *Taylor* "would likely be dispositive of any standing issue raised in the *Wallace* and *Williams* actions." (Doc. 41-1 at 8). Therefore, it appears that the parties agree that the most expedient way to handle the pending Motion to Consolidate would be to wait for the Court to rule first on the pending Motion to Dismiss. If the Court decides there is subject-matter jurisdiction in *Taylor*, then consolidation would be ripe and appropriate. If the Court decides there is no subject-matter jurisdiction, then *Taylor* would be dismissed without prejudice, and *Williams* and *Wallace* can be transferred back to the Northern District of Georgia or Georgia state court, where they originated.

Second, the Court could formally stay *Williams* and *Wallace* until the resolution of Defendants' Motion to Dismiss that is pending in this action. Counsel representing the plaintiffs in *Wallace* and *Williams* have indicated that they are not opposed to this course of action.  Issuing a stay in these actions until the Court decides subject-matter jurisdiction would preserve judicial economy, expedite these proceedings, and would not prejudice the Defendants' as there would be no risk of duplicative discovery, duplicative motion practice, or any risk of inconsistent rulings. A stay would certainly resolve Defendants' fear of repetition, confusion, and duplicative work which would only occur if the Court decided subject-matter jurisdiction exists and then does not consolidate these cases at a later time.

Third, the Court could consolidate the three cases for limited purposes, such as discovery and/or class certification, until resolution of Defendants' Motion to Dismiss that is pending in this action.

Each of these alternatives allows the Defendants to defend all three cases in front of this Court without sacrificing all the efforts and resources that this Court and the parties have already invested.

WHEREFORE, the Plaintiff respectfully requests that this Court deny Defendants' Motion to Consolidate at this time and adopt one of the three alternatives described above.

Respectfully submitted,

/s/ Jon Mann
Chris T. Hellums (ASB-5583-L73C)
Michael C. Bradley (ASB-2103-A64M)
Jonathan S. Mann (ASB-1083-A36M)
Austin B. Whitten (ASB-7228-K13Y)
**PITTMAN, DUTTON & HELLUMS, P.C.**
2001 Park Place North, Suite 1100
Birmingham, AL 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PDH-efiling@pittmandutton.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2017, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

D. Keith Andress
Jade E. Sipes
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, PC**
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203

Kristine L. Roberts
Mary Wu Tullis
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, PC**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

/s/ Jon Mann
OF COUNSEL

5